### In re SCOTT.

(District Court, N. D. Texas. May 23, 1899.)

No. 13.

1. BANKRUPTCY—DIVIDENDS—PREFERRED CLAIMS.
Where, upon the declaration of a dividend in a bankruptcy proceeding, a certain amount of money is reserved, sufficient to pay a like dividend upon claims which had previously been disallowed for insufficient proof, but with leave to claimants to amend, such claimants have no lien upon the money so reserved, nor is the referee bound to distribute it to them; and if thereafter a claim for an attorney's fee is presented, which is entitled to priority of payment as part of the costs of administration, it must be paid out of such reserved fund, in preference to the general creditors.

2. SAME—ATTORNEY'S FEE.
The claim of the bankrupt's attorney for a fee, payable as part of the costs of administration, does not lose its right to priority of payment out of the funds on hand at the time it is presented, merely because it was not presented until after the declaration and payment of a first dividend.

3. SAME—DIVIDEND—SETTING ASIDE.
A dividend in bankruptcy, once declared and paid, cannot be set aside, notwithstanding it was erroneously made so large as not to leave sufficient money in the trustee's hands for an equal dividend to creditors afterwards perfecting their proofs, in addition to the costs of administration.

In Bankruptcy. On review of ruling of referee in bankruptcy.
Baker & Ross, pro se.

MEEK, District Judge. It appears from the certificate of the referee herein that on the 17th day of February, 1899, W. T. Robinson, trustee for the bankrupt estate, having reported funds in his hands more than sufficient to pay a 5 per cent. dividend, the referee declared a dividend of 24 per cent. on all claims which had been al-

lowed up to that date, reserving from the amount shown to be in the hands of the trustee a sum sufficient to pay a like dividend upon the claims of Habbeler & Co., of Chicago, Ill., for $88.84, and B. F. Avery & Sons, of Louisville, Ky., $87.40, which claims had been presented prior to the date of declaration of the dividend, but had been disallowed on account of not having been properly proven, and leave having been asked and granted to these creditors to amend the proofs of their claims. It further appears that, after the declaration of said dividend, on, to wit, February 18, 1899, the Saunders Duck & Rubber Company, of St. Louis, Mo., proved and had allowed their claim of $43.60, and that on March 2, 1899, Habbeler & Co. and B. F. Avery & Sons presented amended proofs of their claims, and same were allowed by the referee. It further appears that on March 3, 1899, Messrs. Baker & Ross, attorneys for the bankrupt, A. L. Scott, having filed their petition and claim for services in representing the bankrupt, were allowed an attorneys' fee in the sum of $150, to be paid as costs of administering the estate. It further appears that the trustee reported to the referee that he had not sufficient money remaining in his hands to pay said attorneys' fees and also to pay anything on the claims of B. F. Avery & Sons and Habbeler & Co., and that thereupon the referee ordered that the balance of the funds in the hands of the trustee be applied to the claim of Baker & Ross. B. F. Avery & Sons and Habbeler & Co. excepted to the ruling of the referee in this respect, and the question is certified to me by the referee for my opinion thereon.

I am of the opinion that the action of the referee should be sustained. The claim of Messrs. Baker & Ross for attorneys' fees for services rendered the bankrupt, which was allowed by the referee, is entitled to priority of payment, under section 64, par. b, Bankruptcy Act. At the time of the declaration of the dividend, the claims of Habbeler & Co. and B. F. Avery & Sons had been presented, but had not been allowed, because of imperfect proofs of claim. Only those claims which have been properly proven and allowed by the referee before the declaration of a dividend are permitted to participate in the distribution under it. Permission having been obtained by Habbeler & Co. and B. F. Avery & Sons to amend their proofs of claim, the referee had sufficient grounds for concluding that those claims would probably be presented and allowed, and therefore held back from distribution under the dividend a sufficient sum to pay an equally large dividend upon these claims. Yet the referee is not bound to use the funds so held back in payment of this dividend upon them. Indeed, he cannot pay any part of them until another dividend is declared, in which dividend such claims must take their pro rata with other claims which, by the time of the declaration of another dividend, may have been properly proven. Claims enjoying the first dividend are not allowed to share in the second distribution until those that were credited with no part of the first dividend shall be paid a sum equal in amount to that received by other creditors. Section 65, par. c. The holding back of any amount by the referee from distribution gives claimants, whose debts are not properly proven, no lien of any kind upon said amount. The fact that the claim for an attorneys'

fee was not presented until after the declaration of the first dividend would not, in my opinion, destroy its right to priority of payment out of the funds on hand at the time it was properly presented. The referee should have withheld from distribution upon the declaration of the dividend sufficient funds to cover all expenses of administration and priorities. He is only required to hold back sufficient funds to cover claims that will probably be allowed, and I am of the opinion this includes those claims concerning which he has information such as justifies him in the conclusion that they will be allowed when presented. With these exceptions, he should devote the whole sum in the hands of the trustee to the dividend. In my judgment, under the circumstances existing in this case at the time of the declaration of the dividend, the dividend declared was too large; but it is not sought in this action to disturb the dividend already declared and paid, and. if it were sought to disturb this dividend, it could not be done simply by showing that the referee, in exercising his discretion, had made it too large. The dividend, when made pursuant to proper notice, and filed in court, virtually became the judgment of the court. Those creditors who failed to make proper proof of their claims must suffer with those who failed to make any proof before the time of the declaration of the first dividend.

It is therefore ordered that the action of the referee, in ordering the trustee to appropriate the balance of the funds in his hands to the payment of the claim of Messrs. Baker & Ross for attorney's fees, be, and the same is hereby, approved and confirmed.